Irving Eisenberg and Edith Eisenberg v. Commissioner.
Eisenberg v. Commissioner
Docket No. 2810-65.
United States Tax Court
T.C. Memo 1967-35; 1967 Tax Ct. Memo LEXIS 221; 26 T.C.M. (CCH) 174; T.C.M. (RIA) 67035; February 28, 1967
Irving Eisenberg, pro se, 411 W. Fullerton Pkwy., Chicago, Ill. James F. Hanley, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in the income tax of petitioners for 1961 and 1962 in the amounts of $486.47 and $199.18, respectively. Because of concessions by petitioners, the sole issue before us is whether certain postage and travel expenses incurred by petitioner husband were ordinary and necessary to his trade or business within the meaning of section 162. [1]
Findings of Fact Irving *222 and Edith Eisenberg are husband and wife residing in Chicago, Illinois, both at the time of filing their 1961 and 1962 returns and at the time of the filing of the petition herein. Their joint Federal income tax returns were filed timely for the years 1961 and 1962 with the district director of internal revenue at Chicago, Illinois. All references to "petitioner" shall be to Irving, Edith being a party to this proceeding solely by having joined in the returns. During the years 1961 and 1962 petitioner was an attorney engaged in the general practice of law in Chicago. His practice was domestic and local. In 1958 petitioner attended a lawyers' convention in Israel, where he met and became friendly with Israeli lawyers. Because of the lack of adequate libraries in Israel, petitioner was requested to acquire and donate law books or money for Israeli libraries. Upon his return to Chicago, he embarked on a program of obtaining and sending various public welfare and law books, as well as copies of statutes. As part of this program, he sent four or five thousand books to Israel, the majority of which were law books. During 1961 and 1962, petitioner forwarded various books and pamphlets *223 to the Supreme Court in Jerusalem, the bar association in Tel Aviv, Dr. M. Ishai, a professor of law, and the Department of Public Welfare in Jerusalem. The books and pamphlets relating to law were to be made available to law students for their use as well as for the use of the legal profession. Petitioner incurred expenses of $150 and $125, respectively, in 1961 and 1962 in forwarding these books and pamphlets to Israel. In the fall of 1961, petitioner took a three-week trip to Israel with his wife, two brothers, his sister, and a sister-in-law, who, while there, dedicated the planting of trees in the memory of petitioner's parents. Petitioner did not make the trip for clients. He did not receive any income directly or indirectly relating to his law practice nor were any clients ever referred to him as a result of the trip. Petitioner paid approximately $730 in 1961 for expenses relating to the trip to Israel, of which amount $633.77 is claimed to have been expended in connection with his business. All adjustments set forth in the statutory notice were conceded by the petitioners except the disallowance of the $633.77 relating to the trip to Israel, the disallowance of $150 *224 of postage expense for 1961, and the disallowance of $125 for postage expense for 1962. Opinion Were the amounts expended by petitioner for postage on the shipment of books to Israel during 1961 and 1962 and a portion of the expenses of his trip to Israel in 1961 deductible as ordinary and necessary business expenses under section 162? Unquestionably, petitioner's motives in incurring the expenditures in question were stimulated by the deepest public spirit and concern for the development of the legal structure of a new nation. We have the utmost admiration for his efforts. But the record herein is utterly devoid of any evidence that he would ever, directly or indirectly, benefit in his law practice from such undertakings. Petitioner did testify, in vague and general terms, that his activities - particularly his trip - expanded his knowledge and would, as a consequence, enhance his ability and reputation as a lawyer. But, given the facts that his law practice was domestic and local in nature and that he never derived any business from his Israeli activities - or, for that matter, as far as this record goes, never had any realistic basis for expecting that he would do so - the *225 link to his business is too tenuous to satisfy the proximate relationship requirement which underpins section 162. The instant case does not even have as many supporting elements as those involved in Alexander P. Reed, 35 T.C. 199 (1960), where we held that expenses incurred by a Pittsburgh lawyer, in attending a meeting of the International Law Association in Yugoslavia, were not deductible. On the authority of that case and others too numerous to warrant citation, we hold that the expenditures involved herein were personal expenses and, as such, nondeductible. [2]
Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. There is no question of a charitable deduction for the value of the books and the postage expenses incurred in connection therewith, since the contributions, if any, were to or for the use of foreign persons and therefore could not qualify under section 170.↩